IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KUYKENDALL and ASSOCIATES, L.L.C., an Alabama limited liability company, and FREDERICK T. KUYKENDALL, III, an individual | ) <br><br> ) <br><br> ) |
| Plaintiffs, | ) |
| vs. | ) CASE NO. 08-741-KD-B |
| | ) |
| PAULK'S MOVING & STORAGE OF MOBILE, INC., a corporation, ROBERTA ASHKIN, an individual, ASHKIN LAW FIRM, a professional corporation, et al., | ) <br><br> ) <br><br> ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the following: plaintiffs' "Motion to Remand" (doc. 11), defendants, Roberta Ashkin and Ashkin Law Firm's ("Ashkin Defendants") response in opposition (doc. 16), defendant, Paulk's Moving & Storage of Mobile, Inc.'s ("Paulk's") response (doc. 17) and plaintiffs' reply to the opposition to remand (doc. 22). Upon consideration, and for the reasons set forth herein, the motion to remand is GRANTED.

I.    <u>Background</u>

Plaintiffs filed their complaint in Baldwin County Circuit Court on November 26, 2008. The Ashkin Defendants removed the action to this court on December 30, 2008. Defendant Paulk's did not join in the removal. The Ashkin Defendants contend that the citizenship of Paulk's is irrelevant since that defendant has been fraudulently joined by plaintiff in an effort to

1

defeat diversity jurisdiction.[1]

The crux of plaintiffs' complaint surrounds a dispute between Frederick Kuykendall and Roberta Ashkin, and their respective law firms, relating to the division of legal fees and the ownership of certain items of personal property to which each has claimed title.[2]   Count One of the complaint alleges a claim of conversion against defendant Paulk's.  Count Two of the complaint seeks a declaration by the court of the parties' rights and duties under the now dissolved partnership.

As to the conversion claim, plaintiffs allege that "Defendant Ashkin and Paulk's, acting in concert, converted certain property of Kuykendall's, including, but not limited to rugs, a high quality pool table, valuable paintings, televisions and other furniture furnishings and appliances, which are and were at the time the property of the Plaintiff."  (Complaint, ¶14) Plaintiffs further allege that defendant, Roberta Ashkin, entered into a contract with Paulk's "to move and store certain personal property owned solely by Kuykendall to its facility in Alabama."  (Notice of

---

[1]  Paulk's is an Alabama corporation with its principal place of business in Mobile, Alabama.  Paulk's did not join in the removal, but rather has moved this Court to compel the claims against it into arbitration. The Ashkin Defendants have also filed a motion seeking to have the claims made against both parties sent to arbitration.  In light of the instant ruling remanding this case back to Baldwin County Circuit Court, the court does not reach these motions.

[2]  According to Mr. Kuykendall's affidavit submitted in support of the motion to remand, he and Ms. Ashkin had a personal and professional relationship for approximately two years. (Doc. 11, Exhibit A-Affidavit of Frederick Kuykendall)  During that time, Ms. Ashkin purchased a home in Fairhope, Alabama and Mr. Kuykendall maintains that he paid to furnish the home. When the parties' personal and professional relationships ended, a dispute arose concerning the ownership of some of the personal items that had been in the home.

Removal, Exhibit A - Complaint)[3]  Plaintiffs maintain that although Kuykendall paid the costs associated with the storage of the items and notified Paulk's of his ownership of the certain property in its possession, Paulk's refused to deliver or tender possession of that property to Kuykendall for a period of six months.

II.    Law on Fraudulent Joinder

Title 28 U.S.C. § 1332, provides, in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 , exclusive of interest and costs, and is between...citizens of different states.  28 U.S.C. § 1332(a)(1) [4].  Thus, in order for removal to be proper under 28 U.S.C. §1441[5], the requisite amount in controversy must be met[6] and there must be complete diversity of citizenship between the defendants.  See 28 U.S.C. 1441(b); see also Fitts v. Griffin, 304 F.Supp. 2d

_____

[3]  Although not specifically alleged in the complaint, plaintiffs argue in their remand motion that Ms. Ashkin was acting as an agent for plaintiffs when she executed the contract with Paulk's.  (Doc. 12, p. 4)

[4]  28 U.S.C. § 1332, provides, in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 , exclusive of interest and costs, and is between...citizens of different states. 28 U.S.C. § 1332(a)(1).

[5]  28 U.S.C. §1441, provides, in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b) (emphasis added).

[6]  The parties do not dispute that the requisite amount in controversy requirement has been met.

1337(M.D. Ala., 2004) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)) (Not only must plaintiff be a citizen of a state other than the state of which one defendant is a citizen, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant.)  The Court of Appeals for the Eleventh Circuit has explained that "[i]n light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction . . . [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Morrison v. Allstate Indemnity Co., 228 F. 3d 1255, 1268 (11th Cir. 2000) (citation omitted).

However, the "judicially created doctrine [of fraudulent joinder] ... provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F. 3d 1284, 1287 (11th Cir. 1998).  A fraudulently joined non-diverse defendant does not defeat diversity because his citizenship is not considered and if fraudulent joinder is found, the court "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." Florence v. Crescent Resources, LLC, 484 F.3d 1293, 1297 (11th Cir. 2007).  The Eleventh Circuit employs a tripartite test for determining whether a defendant has been fraudulently joined, with the removing party bearing the burden of showing either of the following:  (1) there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court; (2) the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the non-diverse defendant.  See Triggs, 154 F.3d at 1287.  This cause of action falls under the first

analysis.

Fraudulent joinder exists if "there is no possibility the plaintiff can establish a cause of action against the resident defendant [and] [t]he defendant must make such a showing by clear and convincing evidence." Henderson v. Washington National Ins. Co., 454 F. 3d 1278, 1281 (11th Cir. 2006). The removing party bears this "heavy" burden of proving fraudulent joinder. Crowe v. Coleman,113 F. 3d 1536, 1538 (11th Cir. 1997). Thus, the court must look to whether "there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint", and if there is such a possibility, the court cannot find that joinder was fraudulent. Florence, 484 F 3d at 1299. The plaintiff need not have a "winning case", Triggs, 154 F. 3d at 1287, but the potential to prevail "must be reasonable [and] not merely theoretical." Legg v. Wyeth, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005).

In evaluating the parties' arguments, the court may consider the "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Legg, 428 F.3d at 1322 (citation omitted). However, factual controversies exist "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts," and such controversies will be resolved in a manner similar to summary judgment. Id. at 1322, 323. Therefore, in reaching its decision, the court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." Pacheco de Perez v. AT & T, Co., 139 F. 3d 1368, 1380 (11th Cir. 1998). Morevoer, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court." University of South Alabama

v. The American Tobacco Company, 168 F.3d 405, 411 (11th Cir. 1999) citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872 (1941).

III.     Motion to Remand [7]

On a motion to remand, the party seeking removal bears the burden of establishing federal court jurisdiction by a preponderance of evidence.  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996); Triggs, 154 F.3d at 1288, n.4 (11th Cir. 1998);  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir.1994).  Jurisdictional facts supporting removal are judged at the time of the removal.  Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir.2000)(citing Allen v. R & H Oil Co., 63 F.3d 1326, 1335 (5th Cir.1995)).

Removal statutes are to be strictly construed against removal and all doubts concerning jurisdiction should be resolved in favor of remand.  Burns, 31 F.3d at 1095 ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"); Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A., 882 F.Supp. 1056, 1057 (S.D. Fla. 1994)  (The court "must remand to state court any case that was removed improvidently or without necessary jurisdiction"); see also  Jerido v. American General Life and Accident Insurance Company, 127 F.Supp. 2d 1322, 1324 (M. D. Ala. 2001) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.")   With this legal framework in place,

---

[7] In making a determination whether a party has been fraudulently joined, in addition to the plaintiff's pleadings at the time of removal, courts may also consider deposition transcripts and affidavits submitted by either party.  Legg, 428 F.3d at 1322.  However, the Eleventh Circuit has cautioned that a district court considering a motion to remand in a fraudulent joinder case must "not weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  Crowe, 113 F.3d at 1538 (citations omitted)

the court now turns to the specific grounds asserted by plaintiffs in the motion to remand.

IV.    <u>Analysis</u>

The Ashkin Defendants removed this action on the basis of diversity jurisdiction.  The defendants maintain that the citizenship of Paulk's is irrelevant since that defendant has been fraudulently joined in order to defeat diversity.  Plaintiffs contend that the complaint states a claim against defendant Paulk's and there is no fraudulent joinder.  As such, plaintiffs maintain that this court lacks jurisdiction over the action and it must be remanded back to state court.

In opposition to the motion to remand, the Ashkin Defendants argue that plaintiffs cannot state a claim against Paulk's on the following grounds: (1) plaintiff Kuykendall gave the goods at issue to Ms. Ashkin; (2)  plaintiff concedes that he paid Paulk's to detain the goods; (3) Paulk's lien on the goods was valid, and (4)  Paulk's was required to ascertain ownership of the goods.

The Ashkin Defendants first maintain that Kuykendall relinquished his rights to the personal property at issue on January 30, 2008 when he emailed Ms. Ashkin about several matters, including the continued cost of maintaining the storage facility, stating, in part: "As to the contents [of the storage unit]- you may have anything you want." (Notice of Removal, Exhibit B-Affidavit of Roberta Ashkin, attachment).  In support of this argument that plaintiff surrendered his right to possession, defendants cite the court to <u>Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc</u>., 551 So.2d 283 (Ala.,1989).  In <u>Ligon</u> the court found that the evidence was "undisputed...that Ligon relinquished any right that it had to immediate possession of the property when it agreed to allow M.F. Bank to take possession of the property for salvage purposes in accordance with the agreement hereinbefore set out."  <u>Id.</u> at 287.  In this case, the

7

evidence is not "undisputed" that Kuykendall relinquished his rights to the items.  Rather,

plaintiff contends that the emails do not prove a relinquishment of rights, but, rather, reflect an

attempt to "amicably address numerous items in dispute - only one of which were [sic] the items

in storage." (Doc. 2 at 6)  In fact, in a subsequent email on January 31, 2008, Kuykendall

requests that Ms. Ashkin "[i]nform Paulk's to release the pods to me and list what you want."

(Ashkin Affidavit, attachment)  Plaintiff maintains that the emails were merely an offer to

negotiate which Ashkin refused and the "offer" was revoked in early February.  The court agrees

that plaintiff's email transmission to Ms. Ashkin does not unequivocally establish that he

surrendered his rights to the items at issue.

Defendants next maintain that Kuykendall's concession that he made payments to

Paulk's for over two years to store the goods contradicts his claim of conversion.  Plaintiff does

not dispute the payments but maintains that the conversion occurred *after* he requested that

Paulk's deliver or release possession of the goods to him and Paulk's refused to do so.  Plaintiff

further notes that Paulk's sent the rugs to Ashkin over his objections.  Finally, plaintiff contends

that the last payment to Paulk's was involuntary and made only to retrieve his possessions.  The

court concurs that the mere payment of the storage fee for a period of time does not preclude a

claim of conversion based on subsequent events.

Defendants further argue that Paulk's actions were valid under Alabama law pursuant to

Ala. Code 7-7-603 [8].  Specifically, defendants argue that Paulk's delivered the goods to

---

[8]  Section 7-7-603, entitled "Conflicting Claims; interpleader" provides:

If more than one person claims title to or possession of the goods, the bailee is
excused from delivery until the bailee has a reasonable time to ascertain the
validity of the adverse claims or to commence an action for interpleader. The

Kuykendall as soon as it determined ownership and in an effort to enforce a valid lien.

In response, plaintiffs argue that the strongest evidence that Paulk's was not attempting to enforce a lien via the statutory authority is that in March 2008 the rugs were sent to Ashkin without Paulk's first requiring that Ashkin pay the lien amount. Plaintiffs further argue that Paulk's did not make a reasonable attempt to ascertain ownership and that this "reasonableness" determination is one for the jury. Although the Ashkin Defendants concede that reasonableness is a question for the trier of fact, they argue that Paulk's detention of the goods was not wrongful while it ascertained ownership and plaintiffs, thus, cannot recover for conversion against Paulk's.[9]

The elements of conversion under Alabama law are as follows: (1) an act or omission by the defendant (2) with the intent to assert control over property (3) that belongs to the plaintiff (4) resulting in substantial interference to the plaintiff's possessory rights. Martin v. Luckie & Forney, Inc. 549 So.2d 18, 19 (Ala. 1989) Thus, in order to constitute a conversion, there must be an ' "appropriation of the thing to the party's own use and beneficial enjoyment, or its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own.' " Id. (citations omitted); Riscorp, Inc. v. Norman, 915 So.2d 1142, 1152-53 (Ala.,2005)

------------------------------------------------------------

bailee may assert an interpleader either in defending an action for non-delivery of the goods or by original action.

[9] In response to the motion to remand, Paulk's reserves its stance on arbitration but maintains that it followed Alabama law in delivering the goods to Ashkin and contends that it has been fraudulently joined in this litigation. (Doc. 17)

(citations omitted) ("The gist of the action [for conversion] is the wrongful exercise of dominion over property to the exclusion of or in defiance of a plaintiff's rights, where the plaintiff has a general or special title to the property or the immediate right to possession."); <u>Roberson v. Ammons</u>, 477 So.2d 957, 962 (Ala.1985) ("Legal title with immediate right of possession by the plaintiffs to the converted property at the time of conversion is a necessary element of the conversion action.")

    ' "Conversions may be divided into four classes, (1) by a wrongful taking, (2) by an illegal assumption, (3) by an illegal user or misuser, (4) by a wrong detention.  In the first three classes, there is no necessity for a demand and refusal.  In the latter class, a demand and refusal is required as the detention of a chattel furnishes no evidence of a disposition to convert to the holder's own use, or to divest the true owner of his property."' <u>White v. Drivas</u>, 954 So.2d 1119, 1123 (Ala.Civ.App.,2006 ) quoting <u>Scott Paper Co. v. Novay Cherry Barge Serv., Inc.,</u>  265 So.2d 150, 153 (Ala. Civ. App.1972)

> " 'There is no doubt that an absolute or unqualified refusal to surrender possession of personal property to one entitled thereto constitutes a conversion. A limited or qualified refusal to surrender the property is not per se a conversion. But the refusal must be a reasonable qualification or requirement and stated in good faith.'" "Whether or not the refusal to surrender possession of personal property is based upon a reasonable qualification or requirement is a question for the jury or ... the trier of the facts."

<u>White</u>, 954 So. 2d at 1123-1124 (internal citations omitted).

    The following evidence reflects that Paulk's was aware, prior to sending the items in question to Ms. Ashkin, of a dispute regarding their ownership: (1) letter dated February 6, 2008 to Paulk's from plaintiffs' counsel advising of plaintiff's ownership of the property and noting that Paulk's refused request to deliver; (2) a letter dated  February 28, 2008 from Paulk's

10

attorney indicating that Paulk's was aware of the competing claims to the goods; (3) a letter

dated February 29, 2009 from plaintiff's counsel to counsel for Paulk's stating that the items are

owned by plaintiff and requesting that "the items [be retained] until the dispute can be resolved

or inter plead the contents into court" and (4) a March 6, 2008 letter from Paulk's to Ms. Ashkin

requesting written verification of ownership from Ashkin *after* delivering some of the items

(rugs) to her.  (Doc. 11- Kuykendall Affidavit, Exhibits A, B, C)  Further, there is other

conflicting evidence whether Kuykendall or Ashkin were legally entitled to the property.[10]  For

example, Ms. Ashkin has submitted invoices reflecting that she purchased the rugs.  However,

Mr. Kuykendall has submitted an affidavit wherein he states that he reimbursed Ms. Ashkin for

the costs of those items.  In addition, although Ms. Ashkin signed the contract with Paulk's for

the storage unit, it is undisputed that Kuykendall assumed the payments on the storage in or

around August 2006.  (Notice of Removal, Exhibit B - Affidavit of Roberta Ashkin).  Based on

the notice of removal and the attachments thereto, as well as the affidavit of plaintiff Kuykendall

and attachments thereto, the evidence reflects that, at the very least,  Paulk's was aware of the

dispute over ownership of the items prior to sending the items to Ms. Ashkin.

 Construing the removal statute strictly, and resolving all doubts in favor of remand, as it

is required to do, the Court finds that the Ashkin Defendants have not met their burden of

showing there is <u>no possibility</u> of plaintiffs recovering under a theory of conversion against

defendant Paulk's.  As such, the court finds that Paulk's has not been fraudulently joined and this

action must therefore be remanded.  Based on the foregoing, plaintiff's motion to remand is

---

[10]  In May 2008, Ashkin notified Paulk's that she was not claiming title to any of the
contents remaining in storage.  This was *after* Paulk's, at Ashkin's request had shipped her the
rugs currently made the basis of the conversion claim against Paulk's.

GRANTED and this case is REMANDED to the Circuit Court of Baldwin County, Alabama.[11]

DONE this the 9th day of March, 2009.


/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[11] Because plaintiffs have failed to show that the removal of this action was not done in good faith the request for attorneys fees and costs is denied. See  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); Gonzalez v. J.C. Penney Corp., 209 Fed. Appx. 867, 870 (11th Cir.2006) (citing Bauknight v. Monroe County, 446 F.3d 1327, 1331 (11th Cir.2006) ("[D]efendants do deserve some leniency for good faith removals;" they are required to make the decision to remove very soon after receiving the complaint.").